IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR S-02-0213-MCE-CMK |
| Respondent, | CIV S-08-0789-MCE-CMK |
| vs. | FINDINGS AND RECOMMENDATIONS |
| LINO HERNANDEZ, | |
| Movant. | |
| _____/ | |

      Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255 (Doc. 343). Pending before the court is respondent's motion to dismiss (Doc. 349 in the criminal docket). Movant has not filed an opposition.

      Respondent argues that the instant § 2255 motion is time-barred because it was filed more than one year after movant's sentence and conviction became final. Motions under 28 U.S.C. § 2255 must be filed within one year from the later of: (1) the date the judgment of conviction became final; (2) the date on which an impediment to filing created by governmental action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could

have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255. Typically, the statute of limitations will begin to run on the date the judgment of conviction became final. See 28 U.S.C. § 2255(1); see also United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Guided by the Supreme Court's definition of finality set forth in Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987), the Ninth Circuit has held that, for purposes of a § 2255 motion, finality is determined under the definition set forth in 28 U.S.C. § 2244(d)(1) for habeas corpus cases brought by state prisoners.[1] Thus, the one-year statute of limitations for a § 2255 motion begins to run "upon the expiration of the time during which [the movant] could have sought review by direct appeal." Schwartz, 274 F.3d at 1223.

Under Federal Rule of Appellate Procedure 4(b)(1)(A), an appeal from a criminal judgment must be filed within ten days after entry of judgment. Therefore, where no direct appeal is filed, the one-year limitations period begins to run ten days after entry of the judgment of conviction. See id. If a direct appeal is filed, the conviction becomes final when the 90-day period for filing a petition for certiorari has elapsed or certiorari has been denied. See United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) (citing Griffith, 479 U.S. at 321 n.6). If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run on the effective date. See United States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002) (concluding that Monreals's motion was due by April 23, 1997 – one year after April 24, 1996); see United States v. Skurdal, 341 F.3d 921, 924 n.2 (9th Cir. 2003) (concluding that Skurdal's § 2255 motion was due by April 23, 1997, because his conviction became final before the effective date); but c.f. Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999) (concluding, in the context of a habeas corpus petition filed by a state prisoner whose conviction became final before the effective date, that the one-year limitations

---

[1] The Ninth Circuit has also held that there is no reason to distinguish between the limitations periods imposed on state prisoners under § 2244(d)(1) and federal prisoners under § 2255. See United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004).

period began to run the day <u>after</u> the effective date). Finally, the limitations period under § 2255 is subject to equitable tolling where extraordinary circumstances beyond the movant's control made it impossible to file a motion on time. <u>See</u> <u>United States v. Battles</u>, 362 F.3d 1195, 1197 (9th Cir. 2004) (citing <u>Laws v. Lamarque</u>, 351 F.3d 919, 922 (9th Cir. 2003)).

In this case, movant's conviction was affirmed on direct appeal on July 7, 2005, but the Ninth Circuit remanded for re-sentencing in light of <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005). <u>See</u> <u>United States v. Hernandez</u>, 139 Fed. Appx. 786 (9th Cir. 2005). On remand, the district court imposed the same sentence. Movant filed a second appeal and the sentence was affirmed on January 11, 2007. <u>See</u> <u>United States v. Hernandez</u>, 217 Fed. Appx. 666 (9th Cir. 2007). Movant did not seek review by the United States Supreme Court. Therefore, the one-year limitations period began to run when the time to seek review expired – 90 days after the Ninth Circuit's January 11, 2007, decision, or April 11, 2007. Because movant's § 2255 motion was filed on April 10, 2008 – within the one-year time period – it is timely.

The court notes that respondent's motion is flawed in two key respects. First, respondent fails to account for the 90-day period in which movant could have sought review by the Supreme Court in calculating finality. Second, respondent states that the § 2255 motion was filed on April 18, 2008, when in fact it was filed on April 10, 2008.

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 349 in the criminal docket) be denied and that respondent be directed to file a response on the merits.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive

the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2008

                                            */s/ Craig M. Kellison*
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE

4