**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    vs.<br><br>LINO HERNANDEZ,<br><br>    Movant.<br>_____/ | No. CR S-02-0213-MCE-CMK<br>    CIV S-08-0789-MCE-CMK<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255 (Doc. 343). Pending before the court is movant's motion (Doc. 343 in the criminal docket) and respondent's opposition (Doc. 364 in the criminal docket). Movant has not filed a reply.

**I. BACKGROUND**

        Following a jury trial, movant was convicted on the following counts: Count 1 – conspiracy to manufacture methamphetamine; Count 2 – conspiracy to possesses a listed chemical with knowledge that it would be used to manufacture methamphetamine; Count 3 – possession of a listed chemical with knowledge that it would be used to manufacture

1

methamphetamine; and Count 6 – distribution of cocaine.  Movant's crime in Count 1 involved sufficient amounts of drugs to trigger a 10-year statutory mandatory minimum sentence.  Movant was sentenced to 292 months in prison on Count 1 and 140 months on the remaining counts, to run concurrently.

Movant's conviction was affirmed on direct appeal, see United States v. Hernandez, 139 Fed. Appx. 786 (9th Cir. 2005), but the court remanded under United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005), for the district court to determine whether it would have imposed a materially different sentence had it known that the Sentencing Guidelines were advisory.  On remand, the district court determined that movant's sentence would not have been different.  Movant appealed and the Ninth Circuit affirmed the sentence.  See United States v. Hernandez, 217 Fed. Appx. 666 (9th Cir. 2007).  Movant did not seek direct review by the United States Supreme Court.  The underlying facts of movant's crimes are well-known to the parties and the District Judge and, in any event, are not relevant to movant's instant collateral challenge which raises claims of ineffective assistance of counsel.

## II.  DISCUSSION

In his § 2255 motion, movant claims that counsel was ineffective with respect to: (1) the government's presentation of evidence to the grand jury; (2) evidence of surveillance of movant and co-defendants; (3) a statement made by movant; and (4) various matters at sentencing.  Respondent argues that movant cannot show either deficient performance of trial counsel or prejudice.

The Sixth Amendment guarantees the effective assistance of counsel.  The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984).  First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  See id. at 688.  To this end, petitioner must identify the acts or omissions that are alleged not to

have been the result of reasonable professional judgment. See id. at 690. The federal court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. See id. In making this determination, however, there is a strong presumption "that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

Second, a petitioner must affirmatively prove prejudice. See Strickland, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

**A.   Presentation of Evidence to Grand Jury**

Movant argues:

> Denial of effective assistance of counsel, violation of Sixth Amendment Rights Guarantee.
> The government violated the process of Investigation and did presented evidence that were not valid. The Government violated the evidence "BEFORE" the processes of Executing the Indictment, violation of Federal Criminal Rule 401, 404, C.R.7. [sic]

As respondent correctly notes, movant "does not explain what evidence was invalid, nor how [trial counsel] should have challenged it." In any event, respondent is correct in stating that defense counsel is not entitled to be present at grand jury proceedings to raise objections.

3

1  Therefore, it cannot be said that counsel's alleged failure to challenge "invalid" evidence
2  presented to the grand jury constituted deficient performance.
3      **B.**     **Evidence of Surveillance**
4          Movant argues:
5              The government violated the process of FEDERAL CRIMINAL
            RULE 41,601.
6              The attorney failed and did not clarify that the government comited
            a violation at that it exerted a surveillance or survail of transaction, before
7           having obtained the due permit of surveillance, they can not also use
            [HEARSAY]. [sic]
8
9  To the extent movant's claim is based on failure to obtain a warrant allowing surveillance, the
10 surveillance in this case consisted of law enforcement officers observing movant and co-
11 defendants in public places.  Because no warrant is required for such surveillance, counsel could
12 not have been ineffective in this regard.
13     **C.**     **Movant's Statement**
14         Movant argues:
15             Denial of effective assistance of counsel in violation Derechos
            Miranda.
16             The defendant didn't Have an attorney present during questioning,
            which a violation of his constitutional Rights. . . . [sic]
17
18 In his motion, movant refers to portions of the trial transcript which contain Sacramento County
19 Sheriff's Department detective Chet Madison's testimony about an undercover agent's May 9,
20 2002, meeting with movant and co-defendant Valle.  During that meeting, the three arranged the
21 underlying the drug transaction.   Because movant was not in custody, he did not have a right to
22 have counsel present.  Movant's trial counsel did seek suppression of statements movant made
23 during in-custody interrogation.  Counsel's motion, however, was denied based on the court's
24 finding that movant had knowingly and intelligently waived his Miranda rights.  Given this
25 record, the court cannot say that counsel's performance was deficient with respect to any
26 statements made by movant, either before he was in custody or after.

**D.     Sentencing Issues**

Movant argues:

> Due to the inefficiency of my attorney there was an inconstitutional violation; 5th Amendment, in that I was served an unapropriate sentence of 292 months, wich exeeds the established sentence by law wich are not to Exeed 240 months. He also failed to bring up the fac that I've no prior convictions; also failed to no clarify the two levels for charges of co-conspirator, for charges of weapons, of that I was no found guilty of a jury. [sic]

First, as to his sentence of 292 months, that sentence related to count one as to which, with enhancements found by the jury, the maximum sentence was life in prison. Therefore, movant is simply incorrect in saying that the sentence of 292 months exceeds the statutory maximum. Second, as to prior convictions, even assuming trial counsel failed to inform the court that movant had no prior criminal history, the pre-sentence report did. Therefore, there can be no prejudice even assuming deficient performance by counsel. Finally, as to a two-level sentence enhancement for the presence of weapons, the evidence clearly established the presence of firearms. Therefore, any argument challenging the enhancement would have been frivolous. Counsel was not deficient for failing to raise a clearly frivolous argument.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that movant's § 2255 motion (Doc. 343 in the criminal docket) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE