IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. CR S-02-0213-MCE-CMK |
| Respondent, | | |
| vs. | | <u>ORDER</u> |
| LINO HERNANDEZ, | | |
| Movant. | | |
| _____/ | | |

   Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255. Movant's motion was denied on April 7, 2009. Pending before the court is movant's motion to vacate (Doc. 385) the April 7, 2009, order. Respondent has not filed any opposition to the pending motion.

   Movant argues that, due to a prison transfer, he never learned of the court's January 29, 2009, findings and recommendations until after they were adopted on April 7, 2009. According to movant, he was housed in Lompoc, California, until December 2008, when he was transferred to a facility in Tucson, Arizona. Movant states that he submitted a notice of change of address and request for extension of time to file a reply brief after his arrival in Arizona. A review of the docket reflects that, on February 2, 2009, movant filed a motion for a three-month

1

1  extension of time to file a reply brief on the merits (see Doc. 374).  While movant did not file a
2  separate notice of change of address, this filing indicates that his address at the time was FCI,
3  Tucson, Post Office Box 23811, Tucson, Arizona, 85734-3811.  Movant's address, however,
4  was not updated on the court's docket until August 2009 after mail sent to Lompoc, California,
5  had been returned.[1]

6        Under Federal Rule of Civil Procedure 60(a), the court may grant reconsideration
7  of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted
8  on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal
9  has been filed and docketed, leave of the appellate court is required to correct clerical mistakes
10 while the appeal is pending.  See id.

11       Under Rule 60(b), the court may grant reconsideration of a final judgment and any
12 order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect;
13 (2) newly discovered evidence which, with reasonable diligence, could not have been discovered
14 within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an
15 opposing party.  A motion for reconsideration on any of these grounds must be brought within a
16 reasonable time and no later than one year of entry of judgment or the order being challenged.
17 See Fed. R. Civ. P. 60(c)(1).

18       The court finds that it is appropriate to vacate the April 7, 2009, order under Rule
19 60(b) based on mistake, inadvertence, surprise, and/or excusable neglect because movant did not
20 have an opportunity to file objections to the court's January 29, 2009, findings and
21 recommendations.  Specifically, while the Clerk of the Court updated movant's address in
22 August 2009 based on his new address as indicated on an August 17, 2009, filing, movant's
23 address was not updated earlier based on the new address reflected on the February 2, 2009,
24 filing.  In the interest of justice, the court will direct that the findings and recommendations be re-

25
26    [1] It appears that the docket was updated to reflect movant's new address after the currently pending motion was filed on August 17, 2009.

served on movant at his current and provide movant an opportunity to file objections.

Accordingly, IT IS HEREBY ORDERED that:

1. Movant's motion to vacate the court's April 7, 2009, order (Doc. 385) is granted;

2. The April 7, 2009, order is vacated;

3. The Clerk of the Court is directed to re-serve the January 29, 2009 findings and recommendations on movant at his address of record; and

4. Movant may file objections within 20 days of the date of this order.

Dated: September 30, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE