UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LINO HERNANDEZ,<br><br>  Defendant. | No.  2:02-CR-00213-MCE<br><br>**ORDER** |

Defendant Lino Hernandez ("Defendant") was convicted after a jury trial of: (1) Conspiracy to Manufacture Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) Conspiracy to Possess a Listed Chemical with Knowledge, or Having Reasonable Cause to Believe, That it Would be Used to Manufacture Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(c)(2); (3) Possession of a Listed Chemical with Knowledge, or Having Reasonable Cause to Believe, That it Would be Used to Manufacture Methamphetamine in violation of 21 U.S.C. § 841(c)(2); and (4) Distribution of Cocaine in violation of 21 U.S.C. § 841(a)(1).  On August 12, 2003, Defendant was sentenced to 292 months on Count 1 to be served concurrently with 240-month terms on Counts 1-3, which were in turn to run concurrently to each other, for a total of 292 months of imprisonment.  Presently before the Court is Defendant's Motion to Reduce Sentence.  ECF No. 418.  This matter was referred to the Office of the Federal Defender,

1  which subsequently filed a notice indicating that it would not be supplementing
2  Defendant's motion. ECF No. 424.[1]  The Government opposes Defendant's request.
3  ECF No. 449.  For the reasons that follow, that Motion is DENIED.
4         Defendant seeks to reduce his sentence in light of the United States Sentencing
5  Commission's passage of Amendment 782.  Generally, Amendment 782 revised
6  downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although
7  Amendment 782 became effective November 1, 2014, it applies retroactively.  See
8  U.S.S.G. § 1B1.10(d), (e)(1).
9         "When the Commission makes a Guidelines amendment retroactive, 18 U.S.C.
10 § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is
11 based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010).
12 "Any reduction must be consistent with applicable policy statements issued by the
13 Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs
14 courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while
15 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. §
16 1B1.10(b)(1)).  Under § 3582(c)(2), a court may then grant a reduction within the
17 amended Guidelines range if it determines that one is warranted "'after considering the
18 factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822.
19 "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting
20 under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of
21 the amended guideline range.'"[2]  Id.  In addition, "a reduction in the defendant's term of
22 imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the]
23 amendment . . . does not have the effect of lowering the defendant's applicable guideline

---

[1] The filing submitted by the Federal Defender's Office more specifically states that it is not "recommend[ing] appointment of counsel in this case." ECF No. 424. However, that office had already been appointed pursuant to Eastern District General Order 546. The filing is thus more properly construed as a decision not to add to the record.

[2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant is not eligible for a reduction in his sentence because Amendment 782 "[did] not have the effect of lowering [his] applicable guideline range." Id. Defendant's original Base Offense Level was 38 due to the amount of drugs for which he was found responsible after a jury trial and in the Presentence Investigation Report (i.e., over 1,000,000 ephedrine pills, which could be used to produce at least 34 kilograms of actual methamphetamine). Two levels were added for possession of a firearm such that the Total Offense Level was 40. With a criminal history category I, the guideline range was thus 292-365. None of this changed under the amended guidelines because the above drug quantity still corresponds to the Base Offense Level of 38. Accordingly, because the amendment did not lower Defendant's Offense Level or sentencing range, his Motion (ECF No. 418) is DENIED. See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: March 17, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT