1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,           No.  2:02-CR-00213-MCE

12              Plaintiff,

13         v.                             **ORDER**

14    LINO HERNANDEZ,

15              Defendant.

16

17         Defendant Lino Hernandez ("Defendant") was convicted after a jury trial of:

18    (1) Conspiracy to Manufacture Methamphetamine in violation of 21 U.S.C. §§ 846 and

19    841(a)(1); (2) Conspiracy to Possess a Listed Chemical with Knowledge, or Having

20    Reasonable Cause to Believe, That it Would be Used to Manufacture Methamphetamine

21    in violation of 21 U.S.C. §§ 846 and 841(c)(2); (3) Possession of a Listed Chemical with

22    Knowledge, or Having Reasonable Cause to Believe, That it Would be Used to

23    Manufacture Methamphetamine in violation of 21 U.S.C. § 841(c)(2); and (4) Distribution

24    of Cocaine in violation of 21 U.S.C. § 841(a)(1).  On August 12, 2003, Defendant was

25    sentenced to 292 months on Count 1 to be served concurrently with 240-month terms on

26    Counts 1-3, which were in turn to run concurrently to each other, for a total of 292

27    months of imprisonment.  Defendant previously moved for a reduction in his sentence,

28    which Motion was denied.  ECF Nos. 418, 453.

1

1         Presently before the Court is Defendant's subsequent Motion to Appoint Counsel

2    and for Preservation of <u>Johnson</u> claim.  ECF No. 462.  This matter was referred to the

3    Office of the Federal Defender, which filed a notice indicating that it did not intend to

4    assume representation of Defendant.  ECF Nos. 463, 467.  The Government opposes

5    Defendant's request, ECF No. 471, and, for the reasons that follow, it is DENIED.

6         In <u>Johnson v. United States</u>, 576 U.S. ___, 135 S. Ct. 2551 (2015), the Supreme

7    Court struck the "residual clause" in the Armed Career Criminal Act after concluding that

8    the clause was unconstitutionally vague.  By way of his instant Motion, Defendant

9    appears to challenge under similar logic a 2-level enhancement he received at

10   sentencing under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon.

11   Defendant's argument is foreclosed both procedurally and substantively.

12        As a procedural matter, Defendant's instant request is most properly construed as

13   a Section 2255 habeas petition, but Defendant has previously sought relief under § 2255

14   and has failed to obtain leave to file a second or successive petition.  This Court thus

15   lacks jurisdiction to consider his claims.  <u>See</u> <u>United States v. Allen</u>, 157 F.3d 661, 665

16   (9th Cir. 1998) (district court lacks jurisdiction to consider a successive petition absent

17   certification from the appropriate court); Ninth Circuit Rule 22-3(a) ("An applicant seeking

18   authorization to file a second or successive 28 U.S.C. § 2254 petition or 28 U.S.C. §

19   2255 motion in the district court must file an application in the Court of Appeals

20   demonstrating entitlement to such leave under sections 2254 or 2255.").

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    Even absent this procedural bar, however, Defendant's argument would

2    nonetheless be foreclosed on the merits. See Barajas v. United States, No. 1:13-cr-

3    00026-AWI, 2016 WL 4721481, at *2 (E.D. Cal.) (Johnson does not apply to U.S.S.G. §

4    2D1.1(b)(1)); see also Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886, 890

5    (2016) (advisory guidelines not subject to vagueness challenge). Accordingly there is no

6    justification for the appointment of counsel nor has Defendant identified any Johnson

7    claim to preserve. Defendant's Motion (ECF No. 462) is thus DENIED.

8        IT IS SO ORDERED.

9    Dated: April 12, 2017

10

11   MORRISON C. ENGLAND, JR
     UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28