# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LINO HERNANDEZ,<br><br>Defendant. | No. 2:02-CR-00213-MCE<br><br>**ORDER** |

Defendant Lino Hernandez ("Defendant") was convicted after a jury trial of: (1) Conspiracy to Manufacture Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) Conspiracy to Possess a Listed Chemical with Knowledge, or Having Reasonable Cause to Believe, That it Would be Used to Manufacture Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(c)(2); (3) Possession of a Listed Chemical with Knowledge, or Having Reasonable Cause to Believe, That it Would be Used to Manufacture Methamphetamine in violation of 21 U.S.C. § 841(c)(2); and (4) Distribution of Cocaine in violation of 21 U.S.C. § 841(a)(1). On August 12, 2003, Defendant was sentenced to 292 of imprisonment. Presently before the Court is Defendant's Motion to Reduce Sentence. ECF No. 476. This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing

Defendant's motion. ECF No. 477.[1]  The Government opposes Defendant's request. ECF No. 480.  For the reasons that follow, that Motion is DENIED.

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782.  Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although Amendment 782 became effective November 1, 2014, it applies retroactively.  See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision."  Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."  Id.  "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'"  Id. (quoting U.S.S.G. § 1B1.10(b)(1)).  Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"  Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[2]  Id.  In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

---

[1] Defendant subsequently filed a motion seeking to remove the federal defender assigned when this matter was referred.  ECF No. 478.  Given the below resolution of Defendant's substantive motion, that request is DENIED as moot.

[2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  U.S.S.G. § 1B1.10(b)(2)(B).

Defendant is not eligible for a reduction in his sentence because Amendment 782 "[did] not have the effect of lowering [his] applicable guideline range." Id. Defendant's original base offense level was 38 based on the amount of drugs for which he was found responsible after a jury trial and in the Presentence Investigation Report (i.e., 1,000,000 ephedrine pills, which, conservatively, could have been used to produce 34 kilograms of actual methamphetamine). He then received a 2-level increase for use of a firearm, for a total offense level of 40. With a criminal history category I, the guideline range was thus 292-365 months. None of this changed under the amended guidelines because the above drug quantity still corresponds to an Offense Level 38 and the 2-level enhancement also still applies. Accordingly, because the amendment did not lower Defendant's Offense Level or sentencing range, his Motion to Reduce Sentence (ECF No. 476) is DENIED, United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009), and his Motion to Withdraw (ECF No. 478) is DENIED as moot.

IT IS SO ORDERED.

Dated: November 27, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE